■ ANA RAMOS-GERMAN et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [835 NYS2d 94]—

Judgment, Supreme Court, Bronx County (Lucy Billings, J.),

entered April 20, 2005, awarding plaintiffs the principal sum of $375,000 after a jury verdict finding defendants 60% liable, unanimously reversed, on the law, without costs, the judgment vacated and the complaint dismissed. The Clerk is directed to enter an amended judgment in favor of defendants.

The verdict was unsupported by the proof at trial. Defendants presented evidence, including maintenance records and extensive expert testimony as to the design and operation of the passenger-operated rear doors of the bus from which plaintiff Ramos-German allegedly fell, which showed that its interlock brake system would not permit it to move while the rear doors were in use, and that these features were duly inspected and tested on the day of the accident and were functioning properly. Plaintiffs' only evidence as to defendants' liability was Ms. Ramos-German's testimony that as she disembarked, the bus "moved," causing her to fall, and the statement of a deposed witness who died prior to trial, which stated that the bus "shook." Neither of them knew what caused the alleged movement. Plaintiffs offered no expert testimony as to how or why the bus might have moved as Ms. Ramos-German alighted from the bus, and no evidence that defendants had actual or constructive notice of such malfunction. The accident reports prepared on the day of the incident, including that of the dispatcher/supervisor which was based on his conversation with Ms. Ramos-German within minutes of the incident, made no mention of the bus moving. Ms. Ramos-German was admittedly carrying packages when the accident occurred, and in prior testimony introduced at trial she admitted that she had been looking forward rather than down at the stairs.

Consequently, inasmuch as the trial evidence is devoid of proof of defendants' negligence, despite giving plaintiffs every favorable inference that may be drawn from that evidence, we conclude that the evidence was insufficient and there was no valid line of reasoning and permissible inferences that could possibly have led a rational finder of fact to reach the verdict herein (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Concur—Tom, J.P., Mazzarelli, Williams, McGuire and Kavanagh, JJ.